STATE OF NORTH CAROLINA v. RUFUS H. JOHNSON

No. 735SC369

(Filed 23 May 1973)

**Constitutional Law § 36; Burglary and Unlawful Breakings § 8; Larceny § 10— discretionary sentencing statute — constitutionality**

    The trial judge in a prosecution for breaking and entering and larceny did not abuse his discretion in sentencing defendant to a term of ten years for each offense with only two to run consecutively, and discretionary sentencing statutes with respect to imprisonment or fine are not unconstitutional.

APPEAL by defendant from *Wells, Judge,* 13 November 1972 Session of NEW HANOVER Superior Court.

Defendant pleaded guilty to charges of breaking and entering a building belonging to American Imports, Inc., of Wilming-

State v. Johnson

ton, North Carolina, on 23 July 1972, larceny of tools belonging to American Imports, Inc., on 23 July 1972, and larceny of an automobile belonging to Dr. R. M. Shah on 23 July 1972. The pleas were accepted by the court after finding that they were voluntarily and understandingly entered, without duress or promise of leniency. He was sentenced to a term of imprisonment of ten years for each offense, only two of which are to run consecutively.

*Attorney General Robert Morgan by Associate Attorney C. Diederich Heidgerd for the State.*

*Jeffrey T. Myles for defendant appellant.*

CAMPBELL, Judge.

The only question on appeal argued by defendant is that the punishment he received is excessive, since his only crime was against property. Defendant argued, relying upon *Furman v. Georgia,* 408 U.S. 238, 33 L.Ed. 2d 346, 92 S.Ct. 2726 (1972), that because the trial court has wide discretion in determining the length of time of imprisonment it may order, such discretion is discriminatory, and thus unconstitutional.

Discretionary sentencing statutes with respect to imprisonment or fine are not unconstitutional. A sentence of imprisonment which is within the maximum authorized by statute is not cruel or unusual punishment. Where the trial judge has imposed a prison sentence within that allowed by statute, the judgment must be upheld. *State v. Cradle,* 281 N.C. 198, 188 S.E. 2d 296, *cert. denied,* 409 U.S. 1047, 34 L.Ed. 2d 499, 93 S.Ct. 537 (1972).

Just as the trial judge in *Cradle* did not abuse his discretion in sentencing that defendant to imprisonment for seven to ten years for uttering a forged check in the sum of $50.00, so we find no abuse of discretion in the instant case.

Affirmed.

Judges PARKER and HEDRICK concur.